UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA MCCALLUP,

    Plaintiff,

Case No. 10-13840

HONORABLE STEPHEN J. MURPHY, III

v.

WYNDHAM WORLDWIDE CORP., a
Delaware corporation, and RANDY DALE,

    Defendants.
    _____/

**ORDER DENYING MCCALLUP'S EX PARTE
PETITION FOR WRIT OF MANDAMUS**
(docket no. 1), **DENYING IN FORMA PAUPERIS
STATUS** (docket no. 2),**AND DISMISSING THIS CASE**

    Veronica Mccallup has filed an emergency petition asking this court to issue a writ of mandamus against Wyndham Worldwide Corp.[1] ("Wyndham") and Randy Dale, the manager of a Hawthorne Suites in Ann Arbor, Michigan. Mccallup, who is representing herself in this matter, had a 30-day reservation at Dale's hotel secured with a credit card. Compl. at 4. She claims that after arriving at the hotel, Dale began placing charges on the card that were in excess of the agreed-upon amount per night for the length of the reservation. *Id.* at 5. She also alleges that the hotel maid stole personal items from her room. *Id.* While the complaints of pro se litigants are to be construed liberally, Mccallup's

---

[1] This case was given the caption *Veronica Mccallup v. Wyndham Hotels, Randy Dale, Hawthorne Suites* by Mccallup in her complaint. Wyndham Hotels and Hawthorne Suites are both brands of Wyndham Worldwide Corp., which is a Delaware corporation. Wyndham Worldwide Corp., Annual Report at 7 (Form 10-K) (Feb. 19, 2010).

claim is frivolous even under the most indulgent of standards.  Accordingly, the Court will deny her request for a writ of mandamus and dismiss this case.[2]

The federal mandamus statute only provides relief when the defendant is an official of the United States.  28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." (emphasis added)).  In addition, there is no underlying subject-matter basis for this case, such that the Court could issue any writ under the All Writs Act.  *United States v. Denedo*, 129 S. Ct. 2213, 2223 (2009).  Mccallup argues that she has claims "under . . . Title 18 of the United States Code, 18 U.S.C. §[§] 1961–1968 Under the American with Disabilities act," but her complaint does not even attempt to make genuine RICO or ADA allegations.  Claims of federal right that "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction" or that are "wholly insubstantial and frivolous" cannot serve as grounds for jurisdiction in this Court.  *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).  At most, the complaint suggests state law claims of breach of contract or conversion.  Unfortunately, the Court also lacks diversity jurisdiction in this case.  Despite Mccallum's exaggerated and unsupported prayer for "$350,000 for each claim trippled [sic]," Compl. at 6–7,  she actually alleges that no more than $5,000 has been charged to her credit card, and fails to identify the types of items the hotel maid allegedly stole, or their value.  *Id.* 5–6.  These allegations are insufficient to meet the $75,000 threshold required for the Court to exercise diversity jurisdiction.  18 U.S.C. § 1332(a).

---

[2]  In addition, Mccallum has applied to proceed in forma pauperis in this action.  Docket No. 2.  Because the Court finds the underlying claim frivolous, it will deny the application for IFP status as moot.

**WHEREFORE**, it is hereby **ORDERED** that Mccallup's Ex Parte Emergency Petition for Writ fo Mandamus is **DENIED**, and her application to proceed in forma pauperis is **DENIED AS MOOT**. Because the Court has no jurisdiction in this case, this case is hereby **DISMISSED**, without prejudice.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 5, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 5, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager