UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA MCCALLUP,

    Plaintiff,

v.

WYNDHAM WORLDWIDE
CORP., a Delaware corporation,
and RANDY DALE,

    Defendants.
                                   /

Case No. 10-cv-13840

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING EX PARTE EMERGENCY MOTION
FOR RESOLUTION** (docket no. 5)**, DENYING MOTION
FOR RECONSIDERATION** (docket no. 6)**, DENYING EX-PARTE
PETITION FOR RECOVERY OF POSSESSIONS** (docket no. 8)**, AND
<u>DENYING APPLICATION FOR IN FORMA PAUPERIS STATUS</u> (docket no. 7)**

    This Court entered an Order dismissing, without prejudice, McCallup's complaint against Wyndham Worldwide Corp. ("Wyndham") and Randy Dale on October 5, 2010. Since entry of that Order, McCallup has filed with this Court a new "emergency motion" for resolution of the matter, a motion to reconsider the Court's Order, an "ex-parte petition" for the recovery of certain possessions, and a renewed application for in forma pauperis status. Because the Court entered a judgment in this case, it will consider both of the motions by McCallup as motions for reconsideration, pursuant to E.D. Mich. LR 7.1(h). For the reasons given below, the Court will deny the two motions, and deny McCallup's request for in forma pauperis status because the underlying action lacks any merit.

    It is an exception to the norm for the Court to grant a motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(3) ("Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). To obtain reconsideration, the movant must (1)

"demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." *Id.* The requirement of a "palpable defect" limits the Court to revisiting only those errors that are "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Therefore, absent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.

McCallup has shown no significant error meriting reconsideration of the Court's conclusion that it does not have jurisdiction over this matter. The Court continues to lack diversity jurisdiction because even when McCallup's complaint is considered in its most favorable light, the amount in controversy in this case is well under the $75,000 minimum required by federal law. 28 U.S.C. § 1332(a). In addition, McCallup raises new sources of federal law — the Fourth Amendment and the Fair Debt Collection Practices Act — that she believes are indicative of a federal question. Even if McCallup could raise new grounds for jurisdiction at this stage, which is doubtful, the Court finds that these claims, seemingly "made solely for the purpose of obtaining jurisdiction," are just as "insubstantial and frivolous" as her initial RICO and ADA claims, and that there is nothing in McCallup's motions that disturb the conclusion that federal question jurisdiction is lacking in this case. *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). The Court reminds McCallup that while this Court is a court of limited jurisdiction that can only hear the cases Congress and the Constitution allow it to hear, the state courts of Michigan are courts of general jurisdiction. She is urged to seek recourse there if she still believes she is entitled to a remedy.

**WHEREFORE**, it is hereby **ORDERED** that McCallup's motion for resolution (docket no. 5), motion for reconsideration (docket no. 6), emergency ex parte petition for recovery of possessions (docket no. 8), and application for IFP status (docket no. 7) are **DENIED**. **THIS CASE IS CLOSED. NO FURTHER MOTIONS, PETITIONS, OR APPLICATIONS WILL BE CONSIDERED.**

**SO ORDERED**.

                                       s/Stephen J. Murphy, III
                                       STEPHEN J. MURPHY, III
                                       United States District Judge

Dated: October 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2010, by electronic and/or ordinary mail.

                                       Alissa Greer
                                       Case Manager